**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SAMUEL ANTONIO RODRIGUEZ FLORES,

Petitioner,

v.

Case No. 1:26-cv-03079-MIS-GJF

MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States; and WARDEN, Cibola County Correctional Center,

Respondents.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Samuel Antonio Rodriguez Flores's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 16, 2026. The federal Respondents filed a Response on September 30, 2026 ("Response").[1] ECF No. 9. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Guatemala who illegally entered the United States in 2002 when he was eight or nine years old. See Pet. at 6; Form I-213 at 3, ECF No. 9-3. He and his family eventually settled in Virginia. See Pet. at 6. Petitioner has no legal status in the United States. Form I-213 at 2.

Between 2014 and 2026, Petitioner was charged with at least seventeen misdemeanor and felony offenses in Virginia. See id. at 3-4. All but one of those charges was either dismissed or nolle prossed. See id. The one charge that resulted in a disposition was a misdemeanor violation of a protective order, for which Petitioner was found not guilty. Id. at 5. Most recently, Petitioner was arrested for driving while intoxicated on June 29, 2026, and taken to the Chesterfield County Jail in Virginia. Id. The same day, U.S. Immigration and Customs Enforcement ("ICE") lodged an immigration detainer against Petitioner and transferred him to a detention facility. Id. at 3. According to Petitioner, he made bail and was released from Chesterfield County Jail, but "ICE was w[a]iting to arrest" him. Pet. at 6. He further states that ICE lacked a warrant to arrest him that day. Id. at 6-7.

On June 30, 2026, ICE served Petitioner with a Warrant for Arrest of Alien, ECF No. 9-4, a Notice to Appear placing him in removal proceedings, ECF No. 9-5, and a Notice of Rights and Advisals, ECF No. 9-6. He was booked into ICE custody and transferred to a detention facility pending his removal proceedings. Form I-213 at 3. He has been in immigration detention ever since, see id., and is currently detained at the Cibola County Correctional Center in Milan, New Mexico, Pet. at 1.

On September 10, 2026, Petitioner received a custody redetermination hearing. See Order of the Immigr. Judge at 1, ECF No. 9-1. The Immigration Judge denied bond, finding Petitioner to be a "danger to the community" and "a flight risk not mitigatable through financial bond." Id.

On September 16, 2026, Petitioner filed the instant Petition. ECF No. 1. He appears to argue that his detention is unlawful because ICE lacked a warrant to arrest him. See id. at 6-7.

On September 17, 2026, the Court issued an Order to Show Cause and Enjoining Transfer which instructed Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." ECF No. 5. On September 30, 2026, Respondents filed a Response. ECF No. 9.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner appears to argue that his detention is unlawful because ICE lacked a warrant to arrest him. See id. at 6 (noting that after he made bail on his DWI charge "ICE was w[a]iting to arrest me but they didn't have a Judge Order"); id. at 7 ("ICE [did] not have any reasonable order . . . ."). Respondents argue that the Court should deny the Petition because he has received a bond hearing, and that is all 8 U.S.C. § 1226(a) requires. Resp. at 3-5.

Initially, the Court rejects Petitioner's argument that his detention is unlawful because ICE lacked a warrant to arrest him. The Court observes that Petitioner was taken into ICE custody on July 29, 2026, after ICE placed an immigration detainer on him following his arrest for DWI. See Form I-213 at 2-3, ECF No. 9-3. The next day, June 30, 2026, ICE served Petitioner with a Warrant for Arrest, Notice to Appear, and Notice of Rights and Advisals, and "booked [him] into ICE custody[.]" See id. at 3; see also Warrant for Arrest of Alien, ECF No. 9-4; Notice to Appear, ECF No. 9-5; Notice of Rights and Advisals, ECF No. 9-6.

However, even assuming arguendo that a warrant was required to take Petitioner into custody on July 29, 2026, "once deportation proceedings have begun[,] the legality of the alien's detention" based on the absence of a warrant "can no longer be tested by way of a habeas corpus proceeding." Arias v. Rogers, 676 F.2d 1139, 1143-44 (7th Cir. 1982). "Rather, the alien must obtain relief through 'administrative remedies' in removal proceedings. This is because once a 'petitioner[ ] [is] able to pursue' those administrative remedies, 'their detention [is] no longer so lawless as to allow a judge to free them under the habeas corpus statute.'" Rodriguez v. Olson, 814 F. Supp. 3d 945, 955 (N.D. Ill. 2026) (alterations in original) (quoting Arias, 676 F.2d at 1143); see also Castro Pascual v. Dedos, Civ. No. 26-1621 KG/GJF, 2026 WL 2149749, at *16 (D.N.M. July 27, 2026) (citing Min-Shey Hung v. United States, 617 F.2d 201, 202 (10th Cir. 1980)

("[P]etitioner's initial custody was pursuant to an arrest by the immigration officers without a warrant. However, the nature of this custody changed . . . when the District Director . . . made the probable cause determination. . . . The deportation proceedings thus commenced must be allowed to proceed without the intervention of proceedings in the district court challenging the arrest.'"); Chavez de Vasquez v. Baker, Civil Case No.: SAG-25-03657, 2025 WL 3713773, at *2 (D. Md. Dec. 23, 2025) ("Here, with Petitioner's bond determination already made in immigration court and her removal proceedings underway, habeas review challenging her original arrest is not cognizable.")), report and recommendation adopted 2026 WL 2861686 (D.N.M. Sep. 23, 2026); see also Salina Artero v. Hernandez, Case No. 2:26-cv-00546-TMC, 2026 WL 1179783, at *2 (W.D. Wash. Apr. 30, 2026) (finding that the warrantless arrest of a noncitizen subject to mandatory detention under Section 1231(a) does not provide a basis for habeas relief). Thus, Petitioner is not entitled to habeas relief on the grounds asserted in the Petition.

Furthermore, the Court agrees with Respondents that Petitioner has received all the process he is due under the Immigration and Nationality Act. In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237.

Here, Petitioner was detained within the interior of the United States and is therefore subject to Section 1226(a). See id. He received a custody redetermination hearing and was denied bond on the grounds that he is a danger to the community and a flight risk. See Order of the Immigr. Judge, ECF No. 9-1. The Immigration Judge's dangerousness and flight risk determinations are not subject to judicial review. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No

court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Singh v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Chen v. Dorneker, Case No. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Although the Court has jurisdiction to review constitutional challenges to bond decisions, Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026), Petitioner does not argue that his custody redetermination hearing was constitutionally (or otherwise) inadequate; in fact, he does not even mention that he received a bond hearing.[2] See Pet. at 6-7.

---

[2] Although the Immigration Judge did not explain his findings, see ECF No. 9-1, the finding that Petitioner is a danger to the community is at least minimally supported by Petitioner's many prior criminal charges discussed in the Form I-213. See ECF No. 9-3 at 3-5. Although almost all of his prior charges were dismissed or nolle prossed, even charges that do not result in convictions may support a finding of dangerousness. See Motylev v. Strafford Cnty. Dep't of Corr., Civil No. 1:26-cv-103-SE-AJ, 2026 WL 2516939, at *3 (D.N.M. Aug. 5, 2026) ("The IJ was permitted to rely on unadjudicated conduct in finding Motylev dangerous by clear and convincing evidence. Even absent a conviction, information contained in a police report or the fact of a criminal charge may be probative of dangerousness. A criminal conviction would necessarily provide weight, but it is not required." (internal citations omitted)); In re Guerra, 24 I. & N. Dec. at 40-41 ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable. In the present matter, the Immigration Judge determined that evidence in the record of serious criminal activity, even if it had not resulted in a conviction, outweighed other factors, such that release on bond was not warranted. In light of the broad discretion afforded under section 236(a) of the Act, we find no error in the Immigration Judge's consideration of the information regarding the respondent's alleged involvement in a drug trafficking scheme in determining whether the respondent poses a danger to the community. In the context of custody redeterminations, Immigration Judges are not limited to considering only criminal convictions in assessing whether an alien is a danger to the community. Any evidence in the record that is probative and specific can be considered. Therefore, although we recognize that the respondent has not been convicted of the offenses charged in the criminal complaint, we find that unfavorable evidence of his conduct, including evidence of criminal activity, is pertinent to the Immigration Judge's analysis regarding whether the respondent poses a danger to the community. ").

Because the Court can discern no basis for habeas relief, the Petition must be denied.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE